IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUDY A. FORD,

      Plaintiff,

v.                            CIVIL ACTION NO. 1:05CV110
                                  (Judge Keeley)

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND REMANDING THE CASE

      Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 7.02, on July 28, 2005, the Court referred this Social Security action to United States Magistrate John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

      On April 21, 2006, Magistrate Kaull filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within ten (10) days after being served with a copy of the Report and Recommendation. The parties did not file any objections.

**FORD V. BARNHART**                                              **1:05CV110**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

On January 28, 2002, Judy A. Ford ("Ford") filed an application for Disability Insurance Benefits ("DIB") alleging disability beginning August 2, 2000, due to depression, asthma, high blood pressure, and arthritis. The Commissioner denied the claim initially and on reconsideration. Ford requested a hearing and, on January 14, 2003, an ALJ conducted a hearing at which Ford, represented by counsel, appeared and testified. Her husband, James Ford, and a Vocational Expert ("VE") also testified.

On March 28, 2003, the ALJ denied benefits. On January 9, 2004, the Appeals Council remanded the claim to the ALJ. On June 17, 2004, a second hearing was held and was continued to obtain a listing of Ford's past employment history. On October 13, 2004, a third hearing was held at which Ford, again represented by counsel, testified. Her husband, daughter-in-law and a VE also testified.

On December 7, 2004, the ALJ determined that Ford was not disabled at any time through the date of his decision. On May 27, 2005, the Appeals Council denied Ford's request for review, thus making the ALJ's decision the final decision of the Commissioner. On July 28, 2005, Ford filed this action seeking review of the final decision.

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

## II. DISCUSSION

At the time the claim was filed, Ford was 58 years old and at the time of the ALJ's decision, she was 61 years old. She has an 11th grade education but did not obtain her GED. Her work history includes employment as a housekeeper at hotels or state parks. Her last day of work was August 2, 2000 when she walked off her job as a housekeeper at a state park.

Ford alleged that the ALJ 1) made improper and incomplete credibility findings, 2) did not discuss the credibility of her mental impairments, 3) failed to make credibility findings regarding the lay witness testimony which included eyewitness accounts of how she acted on the job, and 4) rejected the treating physician's opinion without giving specific reasons.

After review of the evidence of record, the Magistrate Judge determined that: 1) the ALJ failed to indicate whether he found the testimony of the lay witnesses to be credible; 2) the ALJ failed to articulate the reasons for rejecting the lay witness testimony; and 3) the record does not contain sufficient support of the ALJ's assignment of little weight to Dr. Bender's opinion.

Accordingly, for the reasons stated in the report and recommendation, the Magistrate Judge found that the record did not

contain substantial evidence to support the Commissioner's decision denying benefits and recommended the matter be remanded to the Commissioner for further proceedings consistent and in accord with his recommendation.

### III. CONCLUSION

In light of the foregoing, the Court **ORDERS** that this civil action be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), for further proceedings consistent and in accord with the recommendations contained in the Magistrate Judge's report and recommendation. Accordingly,

1. The defendant's motion for Summary Judgment (Docket No. 10) is **DENIED**;

2. The plaintiff's motion for Summary Judgment (Docket No. 9) is **GRANTED-IN-PART** and **DENIED-IN-PART**;

3. The matter is **REMANDED** to the Commissioner for further proceedings consistent with the report and recommendation; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the

FORD V. BARNHART                                          1:05CV110

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in Shalala v. Schaefer, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: May _____22_____, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE